ELLIOTT ET AL. *v.* GARRINGER.

(Decided October 28, 1927.)

*Mr. H. E. Elliott,* for plaintiffs in error.

*Messrs. Mooney, Hahn, Loeser & Keough,* for defendant in error.

CUSHING, J.   Frieda H. Garringer brought an action against Elliott and McCleod on a cognovit note for $900, with interest at 7 per cent. from December 22, 1924.   The defendants, by answer, admitted the signing of the note, and pleaded that they did not deliver or receive any consideration for it.   The answer further states that prior to the date of said note the defendants offered plaintiff said note for a certain piece of real estate owned by her, located on Melgrave avenue in the city of Cleveland; that said note was given to her for the purpose of inspection and submission of same to her husband for approval, and with the intent that if he approved the same she should keep it and deliver a deed they had prepared for said property; that she held said note and deed for about three weeks, without either delivering or offering to deliver the deed; and that then the defendants notified her of their withdrawal of said offer and demanded the return of the note.

The allegations of the answer were denied by the reply.

At the trial a verdict was returned for plaintiff for the full amount.   Judgment was entered on that

verdict, and this action is prosecuted to reverse that judgment.

Plaintiff, Frieda Garringer, owned an unimproved lot on Melgrave avenue. January 14, 1924, the Home Estate Construction Company entered into a written contract with Roy and Frieda Garringer to build a house on said lot for them for the sum of $7,300, and to complete it within three months; allowance to be made for weather conditions.

Plaintiff borrowed money to pay for the work as it progressed. She gave two mortgages on the property, one for $5,700, and the other for $2,000. Subsequently, material liens were filed against the property in the sum of $2,000. Other claims were presented. The total charges against the property, by reason of the failure of the Home Estate Construction Company to build the house for the price agreed upon, were about or a little more than $10,000.

The deed referred to in the answer of the defendants was either blank, or partially blank. No grantee was named, nor was the name of any grantee furnished to plaintiff.

It is not important to recite the details of the negotiations that were had by the parties. The Home Estate Construction Company at the time of entering into this contract was not a corporation, but was owned and managed by the defendants and other persons, and in so far as it failed to construct the house for the price agreed upon it breached its contract. The plaintiff, by the negotiations carried on between her and the defendants, sought to save her equity in the property. As a result of the negotiations, on December 22, 1924, the defendants

signed said note and the plaintiff has had it in her possession from and since that date.

The defendants' claim that the deed was not delivered, or that no offer was made to deliver the same, is not tenable.

January 27, 1925, plaintiff advised Elliott, who was one of the parties, that the deed would be delivered as soon as she was advised as to whom the transfer should be made. The plaintiff did not therefore refuse to deliver the deed.

The defendants, through the said construction company, breached the contract to construct the house for $7,300. The result of the negotiations between the parties was the giving of the note in question.

Our conclusion is that the judgment of the court of common pleas should be, and it hereby is, affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.

Judges of the First Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.